IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TED MORRIS and MORR MARKETING )
ENTERPRISES, INC.,             )
                               )
            Plaintiffs,        )
                               )
     v.                        )     1:18CV899
                               )
MARTY'S WINE BAR AND CAFE, LLC,)
23 UNION STREET NORTH, LLC,    )
23 UNION, LLC, LOCAL 25        )
RESTAURANT, LLC, and AMY       )
DANIELS,                       )
                               )
            Defendants.        )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Before the court is Plaintiffs' civil action brought under the court's diversity jurisdiction. The court recently requested supplemental briefing on the issue of Defendant Marty's Wine Bar and Café, LLC's citizenship for diversity purposes. (Doc. 22.) The parties provided supplemental briefing in accordance with that order. (Docs. 23, 24.) For the reasons stated herein, the court finds that Defendant Marty's Wine Bar and Café, LLC, is a citizen of both North and South Carolina for the purposes of determining if diversity jurisdiction in fact exists. Since both Plaintiffs are also citizens of South Carolina, (Doc. 1 ¶¶ 1-2),

complete diversity does not exist, and the court will therefore dismiss the action without prejudice.

Plaintiffs brought this civil action in this court invoking the court's diversity jurisdiction. (Id. ¶ 9.) Plaintiffs allege that the first-named Defendant, Marty's Wine Bar and Café, LLC ("Marty's LLC"), "was a limited liability company organized and existing under the laws of North Carolina with its principal place of business in Cabarrus County, North Carolina." (Id. ¶ 3.) Plaintiffs allege Plaintiff Ted Morris was an "Organizer/Member" of Marty's LLC when the articles of organization were filed. (Id. ¶ 19.) A draft operating agreement also identified Plaintiff Morris as a member of Marty's LLC, though those articles were never executed. (Id. ¶¶ 29-30.) Plaintiffs further allege that "Marty's LLC was administratively dissolved by the North Carolina Secretary of State on February 2, 2017." (Id. ¶ 3.)

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

As noted above, Plaintiffs invoke this court's diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity is determined at the time of the commencement of the action. Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570-71 (2004) ("This time-of-filing rule is hornbook law (quite literally) taught to first-year law students . . . ." (footnote omitted)).

An LLC "is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004); see also Trans Energy, Inc. v. EQT Prod. Co., 743 F.3d 895, 900-01 (4th Cir. 2014); Ferrell v. Express Check Advance of SC LLC, 591 F.3d 698, 704 (4th Cir. 2010); Lassiter v. N.Y. Yankees P'ship, No. 1:18-cv-1029, 2019 WL 2210803, at *2 (M.D.N.C. May 22, 2019). "Where a member of an LLC sues other members and the LLC, that member's citizenship will be taken into account for the purposes of determining the LLC's membership." Reid v. The Wailers, 606 F. Supp. 2d 627, 630 (E.D. Va. 2009) (citing Gen. Tech. Applications, 388 F.3d at 121).

Under North Carolina law, a person or entity becomes a member of an LLC if they are named as a member in the articles of organization. N.C. Gen. Stat. § 57D-3-01(a)(1). An individual who is a member of an LLC remains a member until they withdraw

in accordance with the LLC's executed operating agreement. See Crouse v. Mineo, 189 N.C. App. 232, 237, 658 S.E.2d 33, 36 (2008). If no agreement exists, "the default provisions of the LLC act govern . . . ." Id. Those default criteria are listed in N.C. Gen. Stat § 57D-3-02. Dissolved LLCs can be sued after their dissolution. N.C. Gen. Stat. § 57D-6-07; New Friendship Used Clothing Collection, LLC v. Katz, No. 5:16-CV-934-BO, 2017 WL 129016, at *2 (E.D.N.C. Jan. 13, 2017); Clear Choice Constr., LLC v. Travelers Home & Marine Ins. Co., C/A No. 0:17-1890-MBS, 2018 WL 718960, at *3 n.2 (D.S.C. Feb. 6, 2018).

Plaintiffs are both citizens of South Carolina. (Doc. 1 ¶¶ 1-2.) Defendant Amy Daniels is a citizen of North Carolina. (Id. ¶ 7.) Marty's LLC was organized under the laws of North Carolina with articles of organization that named Plaintiff Morris and Defendant Daniels as members. (Id. ¶¶ 3, 19.) Because no operating agreement was ever finalized for Marty's LLC, (id. ¶ 28), nor do Plaintiffs assert that Plaintiff Morris ever took any of the affirmative steps outlined in N.C. Gen. Stat. § 57D-3-02, (Doc. 24 at 2), Plaintiff Morris remains a member. The citizenship of Marty's LLC is determined based upon that of its members, including Morris. See Gen. Tech. Applications, 388 F.3d at 121. Marty's LLC is therefore a citizen of South Carolina. Since Plaintiffs are also citizens of South Carolina, diversity

does not exist, and this court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a). The parties do not dispute this conclusion. (Doc. 22 at 7; Doc. 24 at 2.) Therefore, because there is no separate basis for this court to retain jurisdiction, the court must dismiss this action.

"A dismissal for lack of standing — or any other defect in subject matter jurisdiction — must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013); Thiessen v. Stewart-Haas Racing, LLC, 311 F. Supp. 3d 739, 745 n.3 (M.D.N.C. 2018). Since the court is dismissing this matter for lack of subject matter jurisdiction, the dismissal will be without prejudice.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion to Strike, (Doc. 16), is **DENIED AS MOOT.**

A judgment in accordance with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 3rd day of March, 2020.

_____
United States District Judge